## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DS ADVANCED ENTERPRISES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-11155-JEK |
| | ) | |
| LEDVANCE LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION TO AMEND AND DEFENDANT'S MOTION TO DISMISS

**KOBICK, J.**

This is a patent infringement case involving lighting products. Plaintiff DS Advanced Enterprises alleges that defendant Ledvance LLC has willfully infringed, and continues to infringe, its patent for an apparatus to detachably connect an LED light fixture to a ceiling or recessed lighting fixture housing. DS Advanced's first amended complaint identifies five of Ledvance's products that allegedly infringe this patent. Two motions are pending before the Court. First, Ledvance has moved to dismiss DS Advanced's patent infringement claim for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). After filing that motion, Ledvance separately contended in a supplemental filing that, in light of a summary judgment decision issued by the U.S. District Court for the Southern District of California in a case involving the same patent, DS Advanced's infringement claim as to two of Ledvance's products is barred by principles of issue preclusion. DS Advanced subsequently moved for leave to file a second amended complaint that would remove its allegations as to those two products but maintain its allegations as to Ledvance's three other products. For the reasons that follow, the Court will grant DS

Advanced's motion for leave to file a second amended complaint that omits the allegations as to the two products. The Court will deny Ledvance's motion to dismiss the claim as to the three remaining products because, at this early stage, DS Advanced has plausibly alleged that those products infringe its patent.

## BACKGROUND

The following facts, assumed true on a motion to dismiss, are drawn from the first amended complaint and documents fairly incorporated by reference in that pleading. *See Bazinet v. Beth Israel Lahey Health, Inc.*, 113 F.4th 9, 15 (1st Cir. 2024). DS Advanced designs and sells lighting products. ECF 27, ¶ 18. On May 18, 2018, the company applied for a provisional patent for "an apparatus to detachably attach an LED light fixture to a ceiling or a recessed lighting fixture housing." ECF 27-1, Ex. 1, at 4; *see* ECF 27, ¶ 20. DS Advanced was granted a full patent for this apparatus, U.S. Patent No. 11,054,118 (the "'118 Patent"), on July 6, 2021, with an earliest priority date of May 18, 2018. ECF 27-1, Ex. 1, at 4; ECF 27, ¶¶ 21-22.

According to the patent, consumers typically must buy different fixtures and mounting clips based on whether they are installing light fixtures into retrofit or new construction applications, but DS Advanced's product may be used for either application, thus enabling distributors to stock fewer items in their inventories. ECF 27-1, Ex. 1, at 11. The patent claims an "apparatus compris[ing]":

> a plurality of retrofit clips (102) adaptable to attach with a body of the LED light fixture by screwing them into a plurality of screw holes (110);
> a plurality of new construction clips (104);
> a plurality of connecting posts (106) to hold the new construction clips (104);
> a metal housing (108) to embody a complete fixture (112);
> a junction box (116) to hold a plurality of connection wirings, wherein the junction box (116) comprises a plurality of output wires; and

> a twist connector (118) to attach the output wires of the
> junction box (116) to the metal housing (108), wherein the retrofit
> clips (102) make a friction fit inside the recessed lighting fixture
> housing to secure the complete fixture (112) inside, wherein the new
> construction clips (104) are attached to the connecting posts (106) if
> the recessed lighting fixture housing is not present.

*Id.* at 13. The parenthetical numbers in the claim are referenced in several images of the apparatus included in the patent. *See id.* at 6-10. For example, Figure 8A depicts several of the claim limitations referenced by number:



**FIG.8A**

*See id.* at 10.

Throughout 2019 and 2020, after it had filed for the '118 Patent, DS Advanced made product presentations to several retailers, including Home Depot, Lowe's, Rona, and Costco, seeking to solicit business. ECF 27, ¶¶ 24, 41. In its presentations to Home Depot, Lowe's, and Rona, DS Advanced noted that it had a patent pending. *Id.* ¶¶ 32, 34, 45, 47. DS Advanced claims that Ledvance began infringing DS Advanced's patent after these presentations. *Id.* ¶ 26. Specifically, DS Advanced alleges that five of Ledvance's products—identified by their SKU numbers, SKUs 62881, 62882, 62883, 62884, and 62885—infringe the '118 Patent. *Id.* ¶¶ 28, 94-118. DS Advanced sent two cease-and-desist letters regarding the alleged infringement to Ledvance on August 14, 2023. *Id.* ¶¶ 78-80. Ledvance did not respond. *Id.* ¶ 81.

DS Advanced filed this lawsuit against Ledvance in the Central District of California, alleging in its first amended complaint one claim of patent infringement "directly, indirectly, and/or by equivalents . . . by using, selling, offering for sale from the United States, and/or importing into the United States . . . and/or by inducing such infringement." ECF 27, ¶ 134. At Ledvance's request, that court transferred the case to this district. ECF 41. Ledvance subsequently moved to dismiss, contending that, as a matter of law, its products do not infringe the '118 Patent because they do not contain all of the claimed elements. ECF 75, 76.

On October 18, 2024, the Court granted Ledvance's motion for leave to file a notice of supplemental authority regarding a recent summary judgment decision, *DS Advanced Enterprises, LTD. v. Lowe's Home Centers, LLC*, No. 23-cv-01335-CAB-JLB, 2024 WL 4361620 (S.D. Cal. Sept. 30, 2024). ECF 84. The court in that case construed the claim limitation "metal housing (108)" in the '118 Patent to "unambiguously requir[e] that this housing element of the apparatus be comprised of metal." *Lowe's*, 2024 WL 4361620, at *2. It then held that the defendant, Lowe's, was entitled to summary judgment because each of its allegedly infringing products had a plastic housing, not a metal housing. *Id.* at *4.

After granting Ledvance's motion for leave to file a notice of supplemental authority, this Court ordered the parties to file supplemental briefs on the effect of the *Lowe's* decision on Ledvance's pending motion to dismiss. *See* ECF 86. In those briefs, the parties disputed whether principles of issue preclusion require dismissal of DS Advanced's infringement claim as to two of Ledvance's products that, according to Ledvance, have plastic housings, SKUs 62881 and 62882. *See* ECF 88, at 3-10; ECF 89, at 2-5. Alternatively, DS Advanced suggested that it could seek leave to amend its complaint to remove its allegations as to SKUs 62881 and 62882. *See* ECF 88, at 2-3.

On November 15, 2024, DS Advanced acted on its latter suggestion and moved for leave to file a second amended complaint that would remove its allegations regarding SKUs 62881 and 62882 without prejudice. ECF 90. Ledvance opposed that motion, arguing that amendment would be futile because the proposed second amended complaint would still fail as a matter of law. ECF 95. On November 22, 2024, the Court heard argument on Ledvance's motion to dismiss and took that motion under advisement. ECF 94.

## DISCUSSION

### I.    <u>Motion for Leave to Amend.</u>

When, as here, a plaintiff has already exercised its right to amend the complaint as a matter of course, it may amend its pleadings "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). "The court should freely give leave when justice so requires," *id.*, though requests "characterized by 'undue delay, bad faith, futility, [or] the absence of due diligence'" need not be granted, *Nikitine v. Wilmington Tr. Co.*, 715 F.3d 388, 390 (1st Cir. 2013) (citation omitted).

DS Advanced's proposed second amended complaint would withdraw its allegations regarding two of Ledvance's allegedly infringing products, SKUs 62881 and 62882, without prejudice. *See* ECF 90-2. Ledvance maintains that, like the accused products at issue in *Lowe's*, these products have plastic rather than metal housings and therefore do not infringe the '118 Patent. DS Advanced's proposed second amended complaint would otherwise leave unchanged the allegations in the first amended complaint, including the allegations concerning Ledvance's three remaining products, SKUs 62883, 62884, and 62885. DS Advanced represents in its motion that it will not seek leave to file a third amended complaint that would reinsert allegations concerning

SKUs 62881 and 62882 back into this case unless the *Lowe's* decision, which has been appealed, is reversed by the Federal Circuit. ECF 90, at 4.

The Court will grant DS Advanced's motion and allow it to file its proposed second amended complaint. Amendment will narrow the disputed issues in this case, and DS Advanced's motion, which comes at an early stage in the litigation, does not reflect any bad faith or lack of diligence. Ledvance protests that allowing the amended pleading will undermine judicial efficiency because, if allegations concerning SKUs 62881 and 62882 were later reinserted in a third amended complaint, the case could be bifurcated along two different discovery tracks. *See* ECF 95, at 14. This concern does not justify denying DS Advanced's motion. Should DS Advanced seek leave in the future to file a third amended complaint that would restore allegations concerning SKUs 62881 and 62882, the Court would need to consider at that time whether amendment would be warranted. The outcome of the appeal in the *Lowe's* case might bear on that assessment, but it is only one factor, and the Court would assess whether, in light of "the totality of the circumstances," amendment should be allowed. *Nikitine*, 715 F.3d at 390. Further, as a practical matter, even if the Court were to dismiss the claim regarding SKUs 62881 and 62882 as barred by principles of issue preclusion, as Ledvance requests, DS Advanced could move under Federal Rule of Civil Procedure 60(b)(5) for relief from the dismissal if the *Lowe's* decision were reversed, with the possibility of the same bifurcation. *See* Fed. R. Civ. P. 60(b)(5) (a court may relieve a party from a final judgment if "it is based on an earlier judgment that has been reversed"). The Court will, accordingly, grant DS Advanced's motion for leave to file a second amended complaint.

## II.    <u>Motion to Dismiss.</u>

Ledvance moves to dismiss DS Advanced's infringement claim, which asserts that SKUs 62883, 62884, and 62885 infringe the '118 Patent.[1] In evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must determine "'whether, construing the well-pleaded facts of the complaint in the light most favorable to the plaintif[f], the complaint states a claim for which relief can be granted.'" *Cortés-Ramos v. Martin-Morales*, 956 F.3d 36, 41 (1st Cir. 2020) (quoting *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 7 (1st Cir. 2011)). The complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. The Court "may properly consider only facts and documents that are part of or incorporated into the complaint." *Rivera v. Centro Médico de Turabo, Inc.*, 575 F.3d 10, 15 (1st Cir. 2009) (quotation marks omitted).

In patent infringement cases, a plaintiff "need not 'prove its case at the pleading stage'" or "plead infringement on an element-by-element basis." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021) (quoting *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018)); *see Ocean Semiconductor LLC v. Analog Devices, Inc.*, No. 20-cv-12310-PBS, 2023 WL 6619360, at *2 (D. Mass. Oct. 11, 2023). Rather, "it is enough 'that a complaint place the alleged infringer on notice of what activity . . . is being accused of infringement.'" *Bot M8 LLC*, 4 F.4th at 1352 (quoting *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017)).

---

[1] At the motion hearing, the parties agreed that should the Court grant the motion for leave to amend, the arguments raised on the motion to dismiss the first amended complaint should be applied to the second amended complaint without the need for further briefing.

"The level of detail required in any given case will vary depending upon a number of factors, including the complexity of the technology, the materiality of any given element to practicing the asserted claim(s), and the nature of the allegedly infringing device." *Id.* at 1353. However, where "the factual allegations are actually *inconsistent* with and contradict infringement, they are . . . insufficient to state a plausible claim." *Id.* at 1354; *see Attabotics, Inc. v. URBX, Inc.*, No. 21-cv-11051-ADB, 2022 WL 1989354, at *2 (D. Mass. June 6, 2022).

With respect to SKUs 62883, 62884, and 62885, Ledvance contends that DS Advanced's complaint is inconsistent with and contradictory to infringement as to two claim elements: (1) a twist connector attaching output wires of the junction box to the metal housing; and (2) use of both a junction box and retrofit clips. ECF 76, at 9. Invoking the rule that literal infringement requires "every limitation of the patent claim [to] be found in the accused infringing device," *Gen. Mills, Inc. v. Hunt-Wesson, Inc.*, 103 F.3d 978, 981 (Fed. Cir. 1997), Ledvance contends that DS Advanced fails to state a claim of literal infringement, *see Becton, Dickinson & Co. v. Tyco Healthcare Grp., LP*, 616 F.3d 1249, 1253 (Fed. Cir. 2010).

A.    Twist Connector.

The first contested claim element is the "twist connector (118) to attach the output wires of the junction box (116) to the metal housing (108)." ECF 27-1, Ex. 1, at 13. Ledvance argues that DS Advanced's pleadings for all three SKUs are deficient as to this element in two ways: (1) the complaint does not affirmatively identify housings, connectors, or output wires; and (2) the photographs of the three products in the complaint are inconsistent with the requirement that the output wires be connected to the metal housing by a twist connector. ECF 76, at 15.

Ledvance's first argument is inconsistent with the principle that a "plaintiff is not required to plead infringement on an element-by-element basis." *Bot M8 LLC*, 4 F.4th at 1352. In *Disc*

*Disease Solutions Inc. v. VGH Solutions, Inc.*, for example, the Federal Circuit held that the plaintiff had met its pleading burden when "[t]he complaint specifically identified the three accused products—by name and by attaching photos of the product packaging as exhibits—and alleged that the accused products meet 'each and every element of at least one claim'" of the patent. 888 F.3d 1256, 1260 (Fed. Cir. 2018). Because the case involved a "simple technology," and the patents "consist[ed] of only four independent claims," the Federal Circuit concluded that the defendant had received fair notice of infringement and dismissal was improper. *Id.* Here, too, the technology is relatively straightforward, and DS Advanced's complaint—which provides pictures mapped onto each claim element, but does not label the twist connector element in those pictures, *see* ECF 27, ¶¶ 94, 99, 104—sufficiently put Ledvance "on notice of what activity . . . is being accused of infringement." *Bot M8 LLC*, 4 F.4th at 1352 (quotation marks omitted). This is enough to meet DS Advanced's burden at the motion to dismiss stage; affirmative identification of each claim element within the photographs is not necessary to state a plausible claim.

    Where a plaintiff makes allegations that are "actually *inconsistent* with and contradict infringement," however, dismissal may be warranted. *Id.* at 1354. Ledvance claims that the pictures in DS Advanced's claim charts, as well as the instruction manuals incorporated by reference into the complaint,[2] establish this "'impenetrable defense.'" *Nalco Co.*, 883 F.3d at 1348 (citation omitted). In Ledvance's telling, none of the photographs show that output wires from the junction box connect to the metal housing, "whether by twist connector or otherwise." ECF 76, at 15. Ledvance also claims that the wires that do "connect directly out from the LED driver in the

---

    [2] DS Advanced did not submit the full instruction manuals for the five accused products, but because they are fairly incorporated by reference into the complaint, the Court will consider the manuals Ledvance attached to its motion to dismiss. *See Parmenter v. Prudential Ins. Co. of Am.*, 93 F.4th 13, 18 (1st Cir. 2024); *see also* ECF 27, ¶ 29 (noting that submitting the accused products' SKUs into Ledvance's website "will provide access manuals and product information").

junction box to the LED strip on the housing" are not attached by any connector. ECF 82, at 10. DS Advanced disagrees, arguing that "it is more than plausible that the 'supply wires' are input wires, and that the output wires connect to the 'supply wires' from inside the junction box." ECF 78, at 13.

The Court agrees with DS Advanced: the referenced photographs and manuals do not foreclose the possibility that the output wires of the junction box use a twist connector to attach to the metal housing for Ledvance's three allegedly infringing products. Accordingly, at this early stage in the case, the Court concludes that the allegations and photographs in the complaint concerning the twist connector give fair notice of the infringement alleged and do not contradict liability. *See Bot M8 LLC*, 4 F.4th at 1352; *Disc Disease Sols.*, 888 F.3d at 1260.

B.    Junction Box and Retrofit Clips.

Ledvance also argues that its products do not meet the patent requirement that the apparatus must contain "a junction box (116) to hold a plurality of connection wirings" and "retrofit clips (102) [to] make a friction fit inside the recessed lighting fixture housing." *See* ECF 27-1, Ex. 1, at 13. According to Ledvance, the claim language requires both features of the apparatus to perform their designated functions simultaneously. ECF 76, at 27-32. SKUs 62883, 62884, and 62885 come with both features but require removal of either the junction box or the retrofit clips for installation. *Id.* at 29-32. Ledvance argues that when the junction box and retrofit clips are not in use, they cannot fulfill the functional language defining each element and therefore do not satisfy the claim requirements. *Id.* at 32. DS Advanced contests this interpretation, arguing that the patent covers apparatuses built and sold with both features that perform those functions, even if they may not be employed simultaneously during use. ECF 78, at 14-15.

On a motion to dismiss, the Court's role is to "'test the sufficiency of the complaint, not to decide the merits'" "without the benefit of claim construction." *Nalco Co.*, 883 F.3d at 1350 (emphasis omitted) (citation omitted). Here, both parties have asserted plausible interpretations of the patent claim. Ledvance's arguments "boil down to objections to [DS Advanced's] proposed claim construction," and that is not a dispute "suitable for resolution on a motion to dismiss." *Id.* at 1349. Determining whether the patent claim requires the junction box and retrofit clips to be in simultaneous use is a question better answered at the claim construction hearing. At this stage in the proceedings, DS Advanced has plausibly alleged infringement of these elements of the claim, and Ledvance's motion will accordingly be denied.

## CONCLUSION AND ORDER

For the foregoing reasons, DS Advanced's motion to amend its complaint, ECF 90, is GRANTED, and Ledvance's motion to dismiss, ECF 75, is DENIED.

SO ORDERED.

/s/ Julia E. Kobick
JULIA E. KOBICK
UNITED STATES DISTRICT JUDGE

Dated: March 31, 2025

11