1

2

3

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

4

5

6

7

8

| | |
|---|---|
| DS ADVANCED ENTERPRISES, LTD.,<br>   A CORPORATION,<br>***Plaintiff***,<br>v.<br>LEDVANCE LLC,<br>A CORPORATION,<br>   ***Defendant***. | Case No.: 1:24-cv-11155-JEK<br><br>Honorable Judge Julia E. Kobick |

9

**CORRECTED JOINT STATEMENT OF THE PARTIES**

10

11

12

        This proposed schedule is intended to provide a reasonable timetable for

discovery and motion practice in order to help ensure a fair and just resolution of

this matter without undue expense or delay.

13

**I. PROPOSED JOINT DISCOVERY PLAN**

14

Case Complexity:

15

16

17

18

19

20

        Defendant contends this case is complex for purposes of Rule 16.1(e).

Defendant has raised twelve affirmative defenses, counterclaims of patent

invalidity, and a counterclaim for a declaratory judgment of non-infringement of

the subject patent with respect to additional Ledvance products.  This litigation will

be impacted by the results of appellate litigation still pending before the Court of

Appeals for the Federal Circuit, which may result in the continuation of litigation

21

22

1    in the Southern District of California.  The underlying case inherently requires

2    complex discovery, the testimony of experts in the fields of the invention and in

3    patent law, and the construction of a number of claim terms by Markman hearing.

4    Neither lead counsel has participated in a claim construction hearing under the

5    local rules in Massachusetts. This case, still in its infancy, has already produced a

6    Pro Hac Vice dispute and a failed first attempt at the Joint Statement of the Parties.

7    Plaintiff, a foreign entity, is positing the need for information from multiple

8    individuals who are not affiliated with either party and are not US residents.

9    Plaintiff is speculating about adding more parties and more patents to the dispute.

10   Moreover, the district court for the Northern District of Georgia determined a

11   related case involving the patent in suit to be sufficiently complex to warrant the

12   appointment of a special master in the proceedings.  *See DS Advanced Enterprises*

13   *v. Coooper Lighting, LLC.*, Civil Action No. 1:24-cv-05643-TRJ (D. Georg. 2025),

14   Document 126.  Beyond this, both parties are seeking a determination that the case

15   is exceptional under 35 U.S.C. § 285, as well as an award of attorneys' fees and

16   costs incurred in this action. For all of these reasons, Defendant expects that this

17   dispute would benefit from judicial oversight accorded complex litigation.

18        Plaintiff contends that this Case is not complex with respect to most other

19   civil litigations, and especially with respect to other patent cases. A single patent

20   with 5 claims is being asserted, and a household product is being accused of

21

22

infringement. Patent cases are not inherently complex, nor do they inherently require expert testimony.  Plaintiff has identified multiple persons in their initial disclosures, as required per Fed. R. Civ. P. 26(a)(1)(A)(i).  That is a list of persons who may have discoverable information, not a list of persons Plaintiff is seeking to depose. That list does not make this case complex. Furthermore, Defendant's 12 affirmative defenses do not make this complex, especially because most of them are not actually proper affirmative defenses per Fed. R. Civ. P. 8. A special master was never appointed in the N.D. Ga. case referenced by Ledvance. A special master was never appointed in the S.D. Cal. case, now on appeal at the Federal Circuit Court of Appeals. Plaintiff's lead counsel is a solo practitioner and helped settle the N.D. Ga. case before the *Markman* hearing. Plaintiff's local counsel is also a solo practitioner who has litigated many patent infringement cases through trial as a solo practitioner.  If Defendant's attorneys intend to make this case complex, they alone should shoulder that burden.

Pursuant to Local Rule 16.1(D)(1)(b), the Parties agree to the following discovery plan and schedule:

1. **Initial Disclosures.** Initial disclosures required by Fed. R. Civ. P. 26(a)(1) and by this Court's Notice of Scheduling Conference must be completed by September 30, 2025.

2. **Amendments to Pleadings**. Except for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed after March 27, 2026.

3. **Settlement.**

a.    Defendant: DS Advanced Enterprises has not submitted a written settlement proposal to Ledvance pursuant to L. R. 16.1(c) as of the filing of this Joint Statement.

Plaintiff: On August 19, 2025, DSAE's counsel emailed Ledvance's counsel regarding scheduling a settlement conference for the following week. Later that day, Ledvance's counsel indicated they would let DSAE's counsel know if Ledvance is interested in participating in a settlement conference. The Parties agreed to, and participated in a settlement conference thereafter.

Before the conference, on August 20, 2025, DSAE's counsel requested Ledvance disclose a high-level summary of sales of the Accused Products for determining a settlement amount. Ledvance's counsel indicated Ledvance would *not* share any sales data ahead of the settlement conference. Nonetheless, DSAE's President, David Sherman, and Ledvance's Vice President, Andrew Martin,

participated in a brief settlement conference on September 12, 2025. No settlement was reached.

b.    The Parties and their counsel have conferred in accordance with L. R. 16.1(d)(3)(A) and L. R. 16.1(d)(3)(B). The Parties remain open to the use of alternative dispute resolution. Certifications signed by counsel and an authorized representative of each party were filed separately under Dkts. 117 and 118.

4. **Fact Discovery – Interim Deadlines**.

a. All requests for production of documents and interrogatories must be served 30 days prior to close of fact discovery.

b. All requests for admission must be served 30 days prior to the close of fact discovery.

c. All depositions, other than expert depositions, must be completed by the close of fact discovery.

d. Defendant: Defendant requests bifurcating discovery and conducting discovery relating to allegedly infringing acts and damages after the *Markman* order. As captured within the Order on the Motion to Dismiss, Defendant has identified language that supports a decision of non-infringement that the Court determined should not be considered until after

claim construction. Moving first toward claim construction is the most efficient path toward resolving this case.

Plaintiff: Plaintiff contends that this case is not complex and thus discovery will not be complex. Claim construction will come first because that is required by the Local Rules, regardless of whether or not discovery is bifurcated. Plaintiff firmly takes issue with discovery being phased or bifurcated, as this would limit Plaintiff's ability to build their case against all 12 of Defendant's affirmative defenses.

5. **Obligation to Supplement**. Supplemental disclosures under Fed. R. Civ. P. 26(e) shall be made promptly after the receipt of information by the party or counsel and, in any event, no later than the completion of fact discovery, unless good reason can be shown for why such information was not available.

6. **Final Fact Discovery Deadline**. All discovery, other than expert discovery, must be completed by December 23, 2026 or 60 days after the *Markman* order, whichever comes later.

7. **Status Conference**. A status conference will be held on February 5, 2027 at 9:30 a.m., or other dates subject to the Court's convenience. By February 3, 2027, the parties shall file a status report indicating the current status of the case, including whether the parties intend to seek expert discovery and/or intend to file

any dispositive motions, whether the parties are interested in mediation, as well as any other matter relevant to the progress of the case.

8. **Preliminary Disclosures.**

    a.    <u>Patentee's Preliminary Patent-Related Disclosures:</u> Patentee shall complete disclosures required by L. R. 16.6(d)(1) by **October 14, 2025**.

    b.    Conference Concerning Patentee's Preliminary Patent Disclosures<u>: The Parties shall meet and confer pursuant to L. R. 16.6(d)(2) by</u> **<u>October 28, 2025</u>**.

    <u>c.</u>    <u>Accused Infringer's Preliminary Production</u>: Accused infringer <u>shall complete the disclosure required by L. R. 16.6(d)(4) by</u> **<u>November 18, 2025.</u>**

9. **Claim Construction Proceedings.**

    a.    <u>Exchange of Proposed Terms and Proposed Constructions</u>:  The Parties shall exchange terms and constructions in accordance with L. R. 16.6(e)(1)(A) on **December 9, 2025**.

    b.    <u>Meet and Confer Regarding Exchanged Terms</u>: The Parties shall meet and confer in accordance with L. R. 16.6(e)(1)(B) on **December 16, 2025**.

c.   <u>Joint Disputed Claim Terms Chart</u>:  The Parties shall submit a joint disputed claim terms chart no later than **January 6, 2025**.[1]

d.   <u>Opening Claim Construction Briefs and Expert Declarations</u>:  The Parties shall submit opening claim construction briefs and supporting expert declarations on **January 27, 2026**.

e.   <u>Claim Construction Expert Depositions</u>: The Parties shall conduct expert claim construction depositions by **February 17, 2026**.

f.   <u>Responsive Claim Construction Briefs</u>: The Parties shall submit responsive claim construction briefs by **March 10, 2026**.

g.   <u>Claim Construction Tutorial</u>: The Parties shall follow Local Rule 16.6(e)(6), and shall exchange and submit a claim construction tutorial if the Court so requests, 14 days prior to the *Markman* hearing.

h.   <u>*Markman* Hearing</u>: The *Markman hearing will be held on* **April 28, 2026 at 9:30 a.m., or other dates subject to the Court's convenience,** in Courtroom 3 on the 3rd floor.

10. **Expert Discovery**.

---

[1] This proposed date is beyond the 14-day deadline provided under L. R. 16.6(e)(1)(D).  The Parties have identified this date as sufficient to accommodate around the holidays, and jointly request the Court extend the deadline accordingly.

If the Court elects not to extend the deadline, the Parties would propose the alternative schedule attached as Exhibit A herein.

a. Plaintiff(s)' trial experts must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed, by January 5, 2027.

b. Plaintiff(s)' trial experts must be deposed by February 6, 2027.

c. Defendant(s)' trial experts must be designated by, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed, by February 6, 2027.

d. Defendant(s)' trial experts must be deposed by March 6, 2027.

e. Expert discovery, including expert depositions, shall be completed within 90 days of the close of fact discovery.

11. **Summary Judgment Motions**.

a. Motions for summary judgment must be filed no later than 30 days after the close of expert discovery.

b. Plaintiff: Oppositions to summary judgment motions must be filed within 28 days after service of the motion.

Defendant: Oppositions to summary judgment motions must be filed within 21 days after service of the motion. This time limit is statutory, and Defendant sees no reason to alter it.

c. Parties will communicate intentions to file Motions for Summary Judgment in advance of the deadline, and in furtherance of having

overlapping briefing schedules (should both Parties anticipate filing

for Summary Judgment).

12. **Initial and Pretrial Conferences**. The initial pretrial conference will be scheduled at a later point in the proceedings. The parties must prepare and submit a pretrial memorandum in accordance with Local Rule 16.5(d) five business days prior to the date of the conference, except that the parties need not include matters required by Local Rule 16.5(d)(2) or (3). The trial date will normally be set at the initial pretrial conference. A final pretrial conference will be scheduled at the time the trial date is set. The court may also schedule interim pretrial conferences in appropriate cases.

13. **Joint Statements**.

Plaintiff's Statement: DS Advanced Enterprises, Ltd. contends that Ledvance LLC is infringing literally or by equivalents, each and every claim of DSAE's US Patent 11,054,118 ("'118 Patent"), per 35 U.S.C. § 271. DSAE further contends that the '118 Patent is presumed valid per 35 U.S. Code § 282, and that the references cited by Ledvance do not anticipate or render obvious any claims of the '118 Patent. Additionally, Ledvance's assertions of indefiniteness are unfounded. The Claims of the '118 Patent are definite, as recognized by S.D. Cal. and the USPTO. DSAE is seeking disgorgement of Ledvance's profits for the Accused Products, a royalty on gross sales of the Accused Products, and enhanced

damages and recovery of attorney's fees per 35 U.S.C. § 285, and in view of

Ledvance's ongoing and blatant, willful infringement.

Defendant's Statement:  Ledvance LLC contends that it is not infringing any

claims of US Patent 11,054,118.  The Ledvance Accused Products do not practice

every element of any claim of US Patent 11,054,118, for at least the reasons that

the Ledvance Accused Products do not practice a twist connector to attach the

output wires of the junction box to the metal housing, a plurality of connection

wirings and retrofit clip to make a friction fit inside the recessed lighting fixture

housing, or a plurality of new construction clips with a plurality of retrofit clips

adaptable to attach with a body of the LED light fixture by screwing them into a

plurality of screw holes.

Ledvance LLC also contends that US Patent 11,054,118 is invalid under 35

U.S.C. §§102 and 103.  Prior art references disclosing all the limitations of US

Patent 11,054,118 render the claims anticipated or obvious.  Additionally,

Ledvance contends the claims of US Patent 11,054,118 are invalid under 35 U.S.C.

§112 for written description, enablement, and definiteness on the basis of at least

eleven different grounds.  For instance, the claim term "new construction clips" is

indefinite for failing to inform those skilled in the art about the scope of the

claimed invention.  In another example, the concurrent requirement of claim

elements "new construction clips" and "retrofit" clips is not enabled within the

specification. Another example of indefiniteness is the requirement "a twist connector (118) to attach the output wires of the junction box (116) to the metal housing (108)", which is nonsensical at least because it would render the disclosed device inoperative. A further example of indefiniteness is the conditional limitation "wherein the new construction clips (104) are attached to the connecting posts (106) if the recessed lighting fixture housing is not present" which contradicts or undoes other elements of the claims. Ledvance also asserts additional grounds for invalidity under § 112 on the basis of definiteness, failure to meet the written description requirement, or failure to meet the enablement requirement.

Ledvance LLC is seeking a judgment that US Patent 11,054,118 is invalid, and a judgment that Ledvance LLC has not and does not infringe any valid claim of US Patent 11,054,118. Ledvance LLC is also seeking a determination that this case is exceptional pursuant to 35 U.S.C. §285, along with an award of costs and attorney fees.

14. **Magistrate Consent**.

The Parties do not consent to reassignment of this case to a magistrate.

**Procedural Provisions**

1. **Extension of Deadlines**.

All requests to extend or modify deadlines must be made by motion and must state:

(1) the original date(s);

(2) the number of previous requests for adjournment or extension;

(3) whether these previous requests were granted or denied;

(4) the reasons for the requested extension; and

(5) whether the opposing party consents and, if not, the reasons given for refusing to consent. The motion shall also contain a summary of the discovery, if any, that remains to be taken, and a specific date when the requesting party expects to complete the additional discovery, join other parties, amend the pleadings, or file a motion. Motions to extend or modify deadlines will be granted only for good cause shown.

Absent an emergency, any request for an extension or adjournment shall be made at least forty-eight hours prior to the deadline or scheduled appearance.


2. **Motions to Compel or Prevent Discovery**.

Except for good cause shown, motions to compel discovery, motions for protective orders, motions to quash, motions to strike discovery responses, and similar motions must be filed no later than the close of fact discovery or the close of expert discovery, whichever deadline is relevant. If additional discovery is compelled by

the Court after the relevant deadline has passed, the Court may enter such

additional orders relating to discovery as may be appropriate.


3. **Reply Memoranda**. Parties need not seek leave of court to file a reply

memorandum in response to an opposition to any motion, provided that such a

reply memorandum does not exceed eight pages, double-spaced, and is filed within

seven days (excluding intermediate Saturdays, Sundays, and legal holidays) after

service of the opposition memorandum. Parties may otherwise file reply or

surreply memoranda only with leave of court. When such leave is sought, the

moving party may file a proposed reply or surreply memorandum with the motion

for leave.


4. **Status Conferences**. The Court has scheduled a status conference after (or close

to) the close of fact discovery for case management purposes. Any party who

reasonably believes that a status conference will assist in the management or

resolution of the case may request one from the Court upon reasonable notice to

opposing counsel.


5. **Additional Conferences**. Upon request of counsel, or at the Court's own

initiative, additional case-management or status conferences may be scheduled.

Parties may request telephonic conferences where appropriate to avoid undue inconvenience or expense.

6. **Early Resolution of Issues**. The Court recognizes that, in some cases, resolution of one or more preliminary issues may remove a significant impediment to settlement or otherwise expedite resolution of the case. Counsel are encouraged to identify any such issues and to make appropriate motions at an early stage in the litigation.

7. **Pretrial Conference**. Lead trial counsels are required to attend any pretrial conference.

8. **Agenda for Scheduling Conference:**

    a. Address any scheduling issues identified by the District Court.

    b. Discuss points of disagreement in Joint Statement, including at least whether case is complex and whether to phase discovery.

    c. Discuss Plaintiff's motion to join retailer defendant, Menard's, for selling same Accused Products.

    d. Discuss asserting one additional patent against same Accused Products.

    e. Plaintiff's objection to Defendant's Notice of Errata.

Dated: September 19, 2025

DS ADVANCED ENTERPRISES, LTD.,

*Plaintiff*

By its attorney,

*/s/ Patrick Cummins*,

Patrick Cummins, CA Bar No. 294400

Cummins Intellectual Property (IP) Law PLLC

348 E Main St.

Lexington, KY 40507

Telephone: (502) 445-9880

Patrick@CumminsIP.com

Respectfully submitted,

*/s/ Todd A. Sullivan*

Todd A. Sullivan, Esq. (NH Bar # 14617)

Hayes Soloway PC

175 Canal St

Manchester, NH 03101

Phone (603) 668-1400

tsullivan@hayes-soloway.com

Jonathan R. Raymond, Esq. (BBO # 676226)

Hayes Soloway PC

175 Canal St

Manchester, NH 03101

Phone (603) 668-1400
jraymond@hayes-soloway.com


Daniel H. Landau, Esq. (BBO # 676249)
Hayes Soloway PC
4640 E. Skyline Drive
Tucson, AZ 85718
Phone (520) 882-7623
dlandau@hayes-soloway.com


*Counsel for Defendant Ledvance LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| DS ADVANCED ENTERPRISES, LTD., A CORPORATION, *Plaintiff*, v. LEDVANCE LLC, A CORPORATION, *Defendant*. | Case No.: 1:24-cv-11155-JEK <br><br> Honorable Judge Julia E. Kobick |

**CERTIFICATE OF SERVICE**

I hereby certify that the following documents filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF (NEF) and paper copies will be sent to those indicated as non-registered participants on September 19, 2025.

**CORRECTED JOINT STATEMENT OF THE PARTIES**

Dated: September 19, 2025

DS ADVANCED ENTERPRISES, LTD.,

*Plaintiff*

By its attorney,


*/s/ Patrick Cummins*,

Patrick Cummins, CA Bar No. 294400

Cummins Intellectual Property (IP) Law PLLC

348 E Main St.

Lexington, KY 40507

Telephone: (502) 445-9880

Patrick@CumminsIP.com